UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERNICE RINK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JUDGE MCCABE, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-02880 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and his *pro se* complaint ("Compl."), ECF No. 1. The Court grants the application and, for the reasons discussed below, dismisses the complaint in its entirety for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues the D.C. Superior Court judge who oversaw certain probate matters, *see Estate of Henry Marrow v. Rink*, No. 2023 LIT 000005 (D.C. Super. Ct.); *In Re Marrow, Henry*, No. 2021 ADM 784 (D.C. Super. Ct.), as well as attorney Matthew Hertz, who served as the court-appointed personal representative of the estate of Henry Marrow in those matters. Apparently, Plaintiff, who holds herself out as the surviving domestic partner of Mr. Marrow, attempted unsuccessfully to intervene and remove Mr. Hertz as personal representative, and to oppose the objectives of the probate proceedings. Ultimately, the Superior Court granted the estate of Henry Marrow (1) judgment on the pleadings; (2) the partition of a parcel of real property, located in the District; (3) the appointment of a trustee to sell that real property; and (4) the eviction of the occupants of that property, including Plaintiff. Plaintiff now asks this Court to review the actions of the Superior Court and to reverse its determinations.

This Court cannot exercise subject matter jurisdiction over Plaintiff's claims. A federal district court may not review judicial decisions by D.C. courts. *See, e.g.*, *Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (describing *Rooker-Feldman* doctrine); *see also Chen v. Raz*, 172 F.3d 918 (D.C. Cir. 1999) (per curiam) (affirming dismissal of complaint seeking review of Superior Court's decision in probate matter for lack of subject matter jurisdiction). To whatever extent Plaintiff seeks to challenge the Superior Court's determinations, she must pursue such relief in the D.C. Court of Appeals. *See* D.C. Super. Ct. Probate Div. R. 8. Further, Plaintiff's complaint does not cite any basis for federal jurisdiction: it does not establish diversity of citizenship among the parties, *see* 28 U.S.C. § 1332, or cite any basis in federal law for granting Plaintiff relief, *see id.* § 1331. The Court also notes that federal courts cannot exercise subject matter jurisdiction over probate actions, as such matters generally fall within the purview of state courts. *See Marshall v. Marshall*, 547 U.S. 293, 309 (2006).

For these reasons, this action is dismissed without prejudice for want of jurisdiction. A separate order accompanies this memorandum opinion.

Date:  November 7, 2023

/s/_____
 ANA C. REYES
 United States District Judge